UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------

JUEL ROUNDTREE,

                Plaintiff,

                -against-

CITY OF NEW YORK, *et al.*,

                Defendants.

------------------------------------------------

15cv8198

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, Senior United States District Judge:

        Juel Roundtree moves for a preliminary injunction ordering an immediate medical transfer, responses to his Freedom of Information Law ("FOIL") requests, and improved prisoner transportation in this federal civil rights action. For the following reasons, Roundtree's motion is denied.

## BACKGROUND

        Roundtree is currently incarcerated at Riverview Correctional Facility near the Canadian border. On March 28, 2018, this Court dismissed most of the claims in his Second Amended Complaint with prejudice (the "March 2018 Order"). See Roundtree v. City of New York, 2018 WL 1586473, at *14 (S.D.N.Y. Mar. 28, 2018). However, this Court granted Roundtree leave to replead two claims: one for adequate bedding or seating and one for excessive force related to chemical spraying. See Roundtree, 2018 WL 1586473, at *14. Ignoring the March 2018 Order, Roundtree mailed a Third Amended Complaint—mislabeled as a Second Amended Complaint—containing 49 pages of handwritten scrawl and alleging numerous claims unrelated to the two claims this Court granted him leave to replead. (ECF No. 91.) In short, it is an indecipherable mosh pit.

Equally important, when this Court dismissed the Second Amended Complaint, it ordered Roundtree "to cease and desist inundating this Court with correspondence." Roundtree, 2018 WL 1586473, at *14. Roundtree ignored this part of the March 2018 Order, too. Indeed, since that time, Roundtree has filed nine letters with this Court unrelated to his Third Amended Complaint, not including the five submissions related to this motion.

Now, Roundtree's order to show cause seeks the impossible. As a sentenced inmate in New York State Department of Corrections and Community Supervision's ("DOCCS") custody, he wants this Court to return him to the North Infirmary Command on Rikers Island or Bellevue Hospital under the auspices of the New York City Department of Correction. (Order to Show Cause for a Preliminary Injunction, ECF No. 92 ("Mot."), at 3.) But Roundtree needs to understand, as Thomas Wolfe wrote, "you can't go home again." DOCCS has the sole authority to provide for Roundtree's medical needs, and they are not a party to this lawsuit. Therefore, this Court denies Roundtree's application to be transported downstate as the colder weather begins to set in at the Canadian border. For the same reasons, this Court will not enter any order granting Roundtree's request to see a "top ranking" orthopedic surgeon. (Mot. at 3.)

In addition, Roundtree submitted a second order to show cause complaining of issues with transportation and outstanding FOIL requests. (ECF No. 95.) Here again, none of what he seeks relates to the claims for which this Court granted him leave to replead.

DISCUSSION

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). "Whether to grant or deny a preliminary injunction lies within the sound discretion of the district court." Williams v.

2

Rosenblatt Sec. Inc., 136 F. Supp. 3d 593, 616 (S.D.N.Y. 2015). "A party seeking a preliminary injunction must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc., 883 F.3d 32, 37 (2d Cir. 2018).

In addition, Roundtree must demonstrate that the injury claimed in his order to show cause for a preliminary injunction relates to the conduct alleged in his Complaint. See Williams, 136 F. Supp. 3d at 616 n.11 ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); Grullon v. Reid, 2000 WL 648891, at *1 (S.D.N.Y. May 19, 2000) ("[T]here is no relationship between the injury claimed in [plaintiff's] letter motion and the conduct asserted in the complaint in this action. Preliminary injunctive relief is therefore improper."); Davidson v. Scully, 914 F. Supp. 1011, 1016 n.1 (S.D.N.Y. 1996) ("The Court does not consider whether plaintiff can show irreparable harm from denial of the preliminary injunction because the court finds that the requested relief is unrelated to the merits of plaintiff's lawsuits . . . ."); Jefferson v. Soe, 2017 WL 2881138, at *3 n.3 (E.D.N.Y. July 6, 2017) ("Although Plaintiff includes several other incidents of adverse consequences imposed by Defendants as a result of Plaintiff's exercise of his First Amendment Rights in his Order to Show Cause, such incidents are not part of the Complaint, and, are thus not part of the 'likelihood of success' analysis."); Oliphant v. Quiros, 2010 WL 2180780, at *1 (D. Conn. May 19, 2010) ("[T]he petitioner must establish a relationship between the injury claimed in the motion seeking injunctive relief and the conduct giving rise to the action.").

Roundtree fails to demonstrate how his motion for a preliminary injunction ordering a medical transfer, responses to FOIL requests, and better transportation relates to his Complaint. This Court granted Roundtree leave to replead <u>only</u> claims for adequate bedding/seating and for excessive force through the use of chemical sprays. <u>See</u> <u>Roundtree</u>, 2018 WL 1586473, at *14.[1] The only reference to bedding/seating in Roundtree's five submissions on this motion relates not to his bedding/seating at Rikers Island, but rather to his bed in State custody. (ECF No. 96.)

Roundtree also seeks leave to add DOCCS and New York State as defendants. But those entities are immune from damages claims under the Eleventh Amendment. <u>See</u> <u>Gollomp v. Spitzer</u>, 568 F.3d 355, 366 (2d Cir. 2009); <u>Santiago v. N.Y. State Dep't of Corr. Servs.</u>, 945 F.2d 25, 31 (2d Cir. 1991); <u>Trivedi v. N.Y. State Unified Court Sys. Office of Court Admin.</u>, 818 F. Supp. 2d 712, 722 (S.D.N.Y. 2011). Finally, Roundtree seeks responses to certain discovery requests served on Defendants. To the extent Defendants have not responded to Roundtree's interrogatories and document requests—but only as they relate to adequate bedding/seating and chemical spray claims—they are directed to do so by October 3, 2018.

## CONCLUSION

For the foregoing reasons, Roundtree's motions are denied, except that Defendants are directed to respond to Roundtree's interrogatories and document requests as they relate to his adequate bedding/seating and chemical spray claims by October 3, 2018. Roundtree is directed to file a Fourth Amended Complaint limited to his adequate bedding/seating and chemical spray claims while at Rikers Island by October 15, 2018. The Fourth Amended Complaint should be a short and plain statement of those two claims. In addition, Roundtree is

---

[1] Contrary to Roundtree's assertions, this Court has not granted him leave to "bring back" the dismissed arguments.

directed to cease bombarding this Court with letters, affidavits, applications, and notices. Failure to comply with these instructions may result in dismissal of this action for failure to comply with orders of this Court. The Clerk of Court is directed to mail a copy of this Memorandum & Order to Roundtree.

Dated: September 11, 2018
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.