UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------

JUEL ROUNDTREE,

             Plaintiff,

       -against-

CITY OF NEW YORK, *et al.*,

             Defendants.

---------------------------------

15cv8198

ORDER

WILLIAM H. PAULEY III, Senior United States District Judge:

        Plaintiff Juel Roundtree moves to compel discovery. (ECF Nos. 197, 203, 207.) He offers a laundry list of complaints, taking issue with Defendants' document productions and interposing new discovery requests. Defendants oppose the motion. (ECF Nos. 202, 206, 208.) This Court addresses each of Roundtree's discovery complaints.

        To begin, Roundtree takes issue with redactions Defendants applied to medical log books. However, Defendants did not redact any items relating to Roundtree's visits or the dates for other inmates' visits. (ECF No. 202-1.) Defendants redacted only non-party medical information. Roundtree is not entitled to that confidential information as it is irrelevant to this action.

        Roundtree also seeks all use of force and unusual incident reports that correspond to dates outlined in the Fourth Amended Complaint. (Fourth Am. Compl., ECF No. 124.) Defendants assert that they have searched for records concerning incidents in which chemical agents were used in the areas where Roundtree was housed that correspond to the dates of incidents alleged in the Fourth Amended Complaint and only located records relating to a June 5, 2015 incident. Defendants have produced those records. "Under ordinary circumstances, a

party's good faith averment that the items sought simply do not exist, or are not in his possession, custody or control, should resolve the issue of failure of production." Atwell v. City of New York, 2008 WL 5336690, at *1 (S.D.N.Y. Dec. 15, 2008).

Roundtree requests log books, dates, descriptions, videos, and equipment use logs from incidents where prisoners were sprayed with chemical agents.  While Defendants were unable to locate any documents involving Roundtree corresponding to the relevant dates in the Fourth Amended Complaint, Defendants aver that they have produced all responsive records. That is a sufficient response to Roundtree's request.

Roundtree seeks medical treatment logs for staff relating to incidents outlined in his pleading.  Defendants object to this request because it seeks non-party confidential medical information.  This Court fails to see how such documents are relevant and agrees with Defendants that Roundtree is not entitled to this information.

Roundtree requests copies of insurance agreements he alleges detail Aflac payments to DOC staff.  Defendants deny knowledge of any such agreements and could not locate any relevant documents.  As previously discussed, Defendants cannot produce documents that do not exist.

Roundtree makes a vague request for "2015 reform settlement known publicly, and commonly referred to in the media."  Without more, neither the Defendants nor this Court can divine what documents Roundtree requests.  Given that this action is ready for summary judgment and Roundtree has had at least three opportunities to specify what he is looking for, his request is denied.[1]

---

[1]  Even if Roundtree was referring to Nunez v. City of New York, 11-cv-5845—as Defendants speculate, (see ECF No. 206)—this Court has reviewed that decree and fails to see its relevance.

Roundtree also interposes a new discovery request for all rosters, sign-in sheets, and photos of all staff whom worked in the relevant housing area. Defendants object. This disproportional request is not targeted to lead to the discovery of admissible evidence and could—as Defendants note—create a security concern by disseminating photos of prison staff to an inmate. (See ECF No. 208, at 2.) This Court declines to entertain Roundtree's last-minute fishing expedition.

Finally, Roundtree expresses his dissatisfaction at Defendants' purported refusal to answer his "75 interrogatories." (ECF No. 207, at 3.) Beyond failing to specify what Defendants did not answer, Roundtree's requests far exceed the 25 interrogatory limit imposed by Federal Rule of Civil Procedure 33(a)(1).

For the foregoing reasons, Roundtree's motion to compel discovery is denied in its entirety. Defendants inform this Court that they are scheduling a conference with Roundtree to discuss a summary judgment briefing schedule. (ECF No. 208, at 3.) The parties may request a pre-motion conference in connection with proposed summary judgment motions on or before September 21, 2020, consistent with this Court's Individual Rules and Practices. In addition, this Court reminds Roundtree of its previous direction to cease bombarding the Court with letters, affidavits, applications, and notices. (See ECF No. 105.) Further failures to comply with that direction may result in dismissal of this action. Chambers staff will mail a copy of this Order to Roundtree.

Dated: August 14, 2020  
      New York, New York

SO ORDERED:

_____  
WILLIAM H. PAULEY III  
U.S.D.J.