UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
:
JUEL ROUNDTREE,                                                    :
:
                Plaintiff,                  :
:                          15 Civ. 8198 (JPC)
        -v-                                      :
:                          OPINION AND ORDER
NEW YORK CITY *et al.*,                                            :
:
                Defendants.                 :
:
-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Juel Roundtree, a former inmate at the Rikers Island jail in the Bronx, sued the City of New

York, healthcare providers at Rikers, and various doctors and corrections officers, alleging

violations of his constitutional rights.  After motions practice, Roundtree's surviving claims allege

that he was provided a medically inadequate mattress and subjected to excessive force via chemical

sprays.  Without a substantive filing from Roundtree since August 25, 2020, and following his

disregard of multiple court orders, Defendants have now moved to dismiss for failure to prosecute.

Roundtree has not opposed.  For reasons that follow, the Court grants Defendants' motion and

dismisses this action without prejudice.

## I.     Background[1]

      On October 16, 2015, Roundtree filed suit *pro se* and *in forma pauperis* against New York

City, the City's Department of Corrections, and Corizon Medical, as well as against three John

---

[1] Many of Roundtree's filings were mailed several days before they were filed on the
docket.  In this Opinion and Order, the Court refers to Roundtree's filings using their dates of
filing, rather than the dates he sent them.

Doe and two Jane Doe defendants.  Dkt. 2 at 1-2.  At the time, Roundtree was incarcerated in the George R. Vierno Center, a facility on Rikers Island.  *Id.*  On November 17, 2015, the Honorable Loretta A. Preska, who at the time was the Chief Judge in this District, identified flaws in all of Roundtree's claims, but granted Roundtree leave to file an amended complaint within sixty days. Dkt. 6 at 6-9.  When Roundtree failed to file a timely amended complaint, Judge Preska dismissed the action on January 29, 2016.  Dkt. 9.  Roundtree then moved for an extension of time to file a notice of appeal, Dkt. 13, which Judge Preska "construe[d]" as "a motion to vacate the Court's January 29, 2016 judgment."  Dkt. 14 at 1.  Judge Preska granted that motion and extended Roundtree's time to file an amended complaint to May 14, 2016.  *Id.*  On May 9, 2016, Roundtree filed an Amended Complaint against the City, the Department of Corrections, Corizon Medical, and five named individual defendants.  Dkt. 17.

On June 10, 2016, the case was reassigned to the Honorable William H. Pauley III.  At an initial pretrial conference on December 9, 2016, Judge Pauley directed Roundtree to file a Second Amended Complaint by February 3, 2017, and ordered Defendants to file any motion to dismiss by March 27, 2017 and Roundtree to oppose dismissal by May 10, 2017.  Dkt. 44.  On January 4, 2017, Roundtree filed his Second Amended Complaint against the City, Corizon Medical, and five named individual defendants.  Dkt. 48.  After Defendants moved to dismiss on March 27, 2017, Dkts. 52-54, Roundtree requested sixty days to oppose because his "hands [were] injured" and corrections officers stole his paperwork, Dkt. 55 at 1-2, which Judge Pauley denied, Dkt. 56.  On April 27, 2017, Roundtree requested an extension for his opposition to May 24, 2017 because of his pending criminal trial, Dkt. 57, which Judge Pauley granted, Dkt. 59.  Roundtree then opposed on May 30, 2017, Dkt. 60, and Defendants replied on June 21, 2017, Dkt. 65.  On August 8, 2017, Roundtree requested a sixty-day extension of all deadlines due to a surgical operation, Dkt. 67,

2

which Judge Pauley denied as moot because there were no pending deadlines, Dkt. 68.  Roundtree proceeded to send Judge Pauley a flurry of letters.  Dkts. 69-74, 76-83.

On March 28, 2018, Judge Pauley issued an Opinion and Order that dismissed Roundtree's claims with prejudice except for those relating to "(1) deprivation of adequate bedding and seating, and (2) excessive force through the use of chemical sprays," which Judge Pauley granted leave to re-plead until May 25, 2018.  Dkt. 84 at 30.  Noting that "Roundtree ha[d] filed innumerable letters amplifying the allegations of his Complaint, raising entirely different theories of liability . . . and generally complaining about his life in prison," Judge Pauley ordered Roundtree "to cease and desist inundating this Court with correspondence."  *Id.* at 31.  Judge Pauley later granted Roundtree's requests to extend his time to amend to July 2, 2018, Dkt. 86, and then to July 16, 2018, Dkt. 89.  Roundtree's explanations for his delay in amending included thefts of his legal papers by corrections officers, Dkt. 85, interruptions from court dates, Dkt. 88, and moving cells within the prison, *id.*  On July 18, 2018, Roundtree filed a Third Amended Complaint against the City, Health and Hospitals Corporation, Corizon Medical, Bellevue Hospital, NYU Langone, and 31 named and unnamed individual defendants.  Dkt. 91.[2]

Also on July 18, 2018, Roundtree moved for a preliminary injunction, Dkt. 92, which Defendants opposed on August 15, 2018, Dkt. 100.  On September 11, 2018, Judge Pauley denied injunctive relief, again ordering Roundtree to "cease bombarding this Court with letters, affidavits, applications, and notices," and warning Roundtree that "[f]ailure to comply . . . may result in dismissal."  Dkt. 105 at 4-5.  Judge Pauley noted that Roundtree had "filed nine letters with th[e] Court unrelated to his Third Amended Complaint, not including the five submissions related to"

---

[2] Roundtree mistakenly captioned this document as a Second Amended Complaint.  *See* Dkt. 91 at 2.

his preliminary injunction application.  *Id.* at 2.  Judge Pauley also described the Third Amended

Complaint as "indecipherable," consisting of "49 pages of handwritten scrawl . . . alleging

numerous claims unrelated to the two claims" Roundtree had leave to replead.  *Id.* at 1.  Judge

Pauley, however, granted Roundtree leave to file a Fourth Amended Complaint by October 15,

2018.  *Id.* at 4.

After receiving "yet another stream-of-consciousness letter" from Roundtree that was

"brimming with inflammatory statements," Judge Pauley extended the deadline to amend to

October 31, 2018.  Dkt. 107.  Judge Pauley ordered Roundtree to cease "us[ing] the public

docket . . . as an electronic diary to air his many grievances or to hurl invective at this Court or

Defendants," and again warned Roundtree of the possibility of dismissal if his conduct were to

continue.  *Id.* at 2.  On October 15, 2018, Judge Pauley granted *sua sponte* a further extension of

the time to amend to November 14, 2018 due to a mailing error.  Dkt. 108.  After another extension

request, Judge Pauley extended the time to amend to January 15, 2019.  Dkts. 109, 111.  On

October 24, 2018, Roundtree filed an interlocutory appeal from Judge Pauley's March 28, 2018

Opinion and Order on the motion to dismiss.  Dkt. 110.[3]  Roundtree then filed more extension

requests, citing upcoming court appearances and limited access to his papers, Dkts. 112, 117,

which Judge Pauley granted on December 26, 2018, giving Roundtree until January 31, 2019 to

amend, Dkt. 118.  Judge Pauley then granted yet another extension request on January 31, 2019,

this time giving Roundtree until February 28, 2019 to file a Fourth Amended Complaint.  Dkts.

121, 122.

---

[3] The United States Court of Appeals for the Second Circuit dismissed the appeal on May
3, 2019.  Dkt. 142.

On February 5, 2019, Rountree filed the Fourth Amended Complaint against the City, Health and Hospitals Corporation, Corizon Medical, Bellevue Hospital, NYU Langone, and 25 named and unnamed individual defendants.  Dkt. 124.  He then continued to file even more letters. Dkts. 127-129, 137-139.  At a conference on April 16, 2019, Judge Pauley dismissed four of the claims alleged in the Fourth Amended Complaint because they were not within "the scope of claims that" Roundtree had "leave to replead," as well as Roundtree's claims under the Americans with Disabilities Act against the individual defendants.  Dkt. 140.  Judge Pauley also denied certain freedom of information requests made by Roundtree and set a discovery deadline of July 31, 2019. *Id.* at 1.

Judge Pauley later extended that discovery deadline to October 31, 2019, Dkt. 177, and then to November 14, 2019, Dkt. 185.  On August 14, 2020, after receiving more submissions concerning discovery disputes, Judge Pauley once again reminded Roundtree "of [the] previous direction to cease bombarding the Court with letters, affidavits, applications, and notices."  Dkt. 209 at 3.  On August 25, 2020, Roundtree filed a letter attacking Defendants, Defendants' counsel, and Judge Pauley, which turned out to be Roundtree's last substantive filing in this case.  Dkt. 212.

Following the close of discovery, Judge Pauley set a briefing schedule on Defendants' anticipated motion for summary judgment, ordering Defendants to move by November 14, 2020, Roundtree to oppose by January 12, 2021, and Defendants to reply by January 29, 2021.  Dkt. 218. Defendants proceeded to file a motion for partial summary judgment that only addressed Roundtree's mattress claims, not his excessive force claims.  Dkt. 220 at 1.  Judge Pauley then granted Roundtree five extensions to oppose summary judgment: to January 31, 2021 (because Roundtree was missing papers), Dkt. 229, to March 16, 2021 (because Roundtree failed to oppose), Dkt. 231, to May 17, 2021 (because Roundtree was again missing papers), Dkt. 238, to June 15,

2021 (because Roundtree was scheduled for release), Dkt. 240, and finally to September 17, 2021 (because Roundtree had health problems that impeded his work), Dkt. 242.  During that time, on May 12, 2021, Roundtree was released from state custody.  Dkt. 261 at 4.

On July 28, 2021, this case was reassigned to the undersigned.  Roundtree never filed an opposition to summary judgment, but the Court nevertheless denied the motion in part on September 30, 2021, holding that genuine disputes of material fact prevented summary judgment with respect to the mattress claims.  Dkt. 245 at 1, 13-15.  The Court did, though, dismiss certain of the remaining Doe defendants.  *Id.* at 18-19.

On October 8, 2021, Defendants sought leave to move for summary judgment with respect to Roundtree's excessive force claims.  Dkt. 247.  Defendants represented that "th[e] failure to move on [P]laintiff's excessive force and assault and battery claims was an inadvertent mistake," the result of miscommunications among defense counsel.  *Id.* at 1-2.  The Court scheduled a pre-motion conference for October 28, 2021.  Dkt. 248.  Roundtree did not appear at the conference. Dkt. 249 at 1. Defense counsel represented that it had not had contact with Roundtree since June 16, 2021, but noted that Roundtree had made a filing in a different case against the City, before the Honorable Jesse M. Furman, on September 14, 2021.  Dkt. 261 at 3-4.  The Court observed that it appeared that Roundtree's address on the docket was no longer valid.  *Id.* at 3.  The Court allowed Defendants to file another motion for partial summary judgment on the excessive force claim, but held off on setting a briefing schedule until Roundtree appeared again in the case.  *Id.* at 9.  On October 29, 2021, the Court ordered Roundtree to inform the Court whether he intended to continue litigating this case by November 29, 2021, and warned Roundtree that if he failed to do so, "the Court may dismiss this action for failure to prosecute without further notice."  Dkt. 249.  On December 2, 2021, the Court extended that deadline *sua sponte* to December 17, 2021,

this time warning Roundtree that "the Court *will* dismiss this action without further notice" absent compliance.  Dkt. 253 (emphasis added).

That same day, December 2, 2021, the Court received a change-of-address form from Roundtree.  Dkt. 254.  The Clerk of Court then mailed Roundtree filings related to Defendants' second summary judgment motion at the new address.  Dkt. 255.  On December 14, 2021, the Court received a letter from Roundtree stating that he "definitely ha[d] not abandoned this action and wish[ed] to proceed expeditiously."  Dkt. 256.  In response, the Court then set a briefing schedule on Defendants' summary judgment motion, setting a deadline of January 7, 2022 for Defendants' motion, February 4, 2022 for Roundtree's opposition, and February 11, 2022 for Defendants' reply.  Dkt. 257.  The Court then granted Defendants a briefing extension, making Roundtree's opposition due on March 25, 2022.  Dkt. 259.  After Roundtree did not oppose by that date, the Court again extended Roundtree's deadline *sua sponte* to April 18, 2022, ordered Roundtree to appear at a status conference, and warned Roundtree that failure to comply may result in dismissal.  Dkt. 270.  Roundtree did not appear at the status conference on April 25, 2022, Dkt. 276, but filed an extension request citing his residency in a homeless shelter and trouble going to his storage unit to retrieve legal papers, Dkt. 274.  On April 26, 2022, the Court granted Roundtree an extension to oppose summary judgment to May 20, 2022.  Dkt. 276 at 1.  That Order also directed that, if Roundtree did not submit an opposition, he must file a status letter by May 20 "indicating whether he intends to continue to pursue his claims in this action," and again warned Roundtree that "failure to oppose or otherwise advise the Court of his intent to pursue this action may result in dismissal without prejudice for failure to prosecute."  *Id.*

Roundtree did not comply with the April 26, 2022 Order, and on June 6, 2022, Defendants moved to dismiss for failure to prosecute.  Dkt. 280.  Defendants served the motion both by mail

and to an email address that Roundtree had previously provided.  Dkt. 281.  On June 7, 2022, the Court ordered Roundtree to oppose dismissal for failure to prosecute by June 20, 2022.  Dkt. 282. Once again, he has not filed an opposition.

## II.  Analysis

Federal Rule of Civil Procedure 41(b) authorizes dismissal for "fail[ure] to prosecute or to comply with . . . a court order."  Fed. R. Civ. P. 41(b).  "Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors: (1) the duration of the plaintiff's failures, (2) whether the plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and (5) whether the judge has adequately assessed the efficacy of lesser sanctions."  *Rivera v. Westchester Cnty.*, No. 18 Civ. 8354 (KMK), 2021 WL 38260, at *2 (S.D.N.Y. Jan. 4, 2021) (cleaned up); *see also United States ex rel. Drake v. Norden Sys. Inc.*, 375 F.3d 248, 254 (2d Cir. 2004); *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  "[N]one of the five factors is separately dispositive."  *LeSane*, 239 F.3d at 210.  Dismissal for failure to prosecute is "a harsh remedy to be utilized only in extreme situations," and "*pro se* plaintiffs should be granted special leniency regarding procedural matters."  *Id.* at 209.  Here, the balance of those factors favors dismissal.

First, Roundtree's failures to respond to court orders have been long and inexcusable. Roundtree has not made a substantive filing in this case since August 25, 2020, Dkt. 212, despite an extraordinary number of orders to do so, *see* Dkts. 214, 218, 231, 233, 238, 240, 242, 259, 270, 276, 282.  During that time, Roundtree has also failed to appear at two status conferences without

explanation despite being ordered to appear.  *See* Dkts. 248, 261, 272, 276.  The only documents Roundtree has filed since August 25, 2020 have been extension requests, *see* Dkts. 227, 228, 232, 237, 239, 241, 274, change of address forms, *see* Dkts. 215, 254, 260, and, over seven months ago, one letter saying he intended to continue to pursue his claims, Dkt. 256, with no action to follow. And Roundtree has failed to oppose Defendants' two motions for partial summary judgment as well as their motion to dismiss for failure to prosecute.  This pattern of "lying dormant with no significant activity to move" the case forward "in a pattern of dilatory tactics," including "repeated requests for continuances [and] persistent late filings of court ordered papers," can "warrant dismissal after merely a matter of months," let alone nearly two years.  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42-43 (2d Cir. 1982).

Second, Roundtree has received notice that his "case would be dismissed if there was further delay." *Drake*, 375 F.3d at 255 (emphasis omitted).  The Court warned Roundtree of the consequences of continued refusal to litigate four times.  *See* Dkts. 249, 253, 270, 276.  "Despite the Court holding . . .  hearings in an attempt to move the case forward and providing numerous direct warnings to Plaintiff that the case could be dismissed, Plaintiff repeatedly has failed to comply with or respond to Court Orders or take any other action . . . to prosecute the case." *Bailey v. City of New York*, No. 19 Civ. 1488 (MKV), 2021 WL 2688973, at *3 (S.D.N.Y. Jun. 30, 2021) (citations omitted).  And now Roundtree faces a motion to dismiss on the basis of his failure to prosecute, making the likelihood of dismissal obvious.  Dkts. 280, 282; *see Lopez v. Catholic Charities of Archdiocese of N.Y.*, No. 00 Civ. 1247 (AGS), 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) ("[A] motion to dismiss pursuant to Rule 41(b) . . . provides the plaintiff with notice.").  While in some cases, *pro se* parties may not "underst[and] what would constitute 'cause' or 'failure to prosecute,'" *Baptiste v. Sommers*, 768 F.3d 212, 218 (2d Cir. 2014), Roundtree is on his own

account an exceptionally experienced *pro se* litigant, *see* Dkt. 221, Exh. D at 107:9-11 ("I am one of the only people in the history of Rikers that had to have two cells for legal work."),[4] and he has previously responded to an order to show cause in this case, *see* Dkt. 256.

Third, Defendants have suffered prejudice from Roundtree's delay.  While "prejudice to defendants resulting from unreasonable delay may be presumed," *LeSane*, 239 F.3d at 210, Defendants also specifically have suffered prejudice from "increased… litigation costs," *id.*, which are evidenced by the extensive docket that has accumulated over the nearly eight years this suit has been pending.  Further, witnesses' memories of course fade with the passage of time.  With many years having passed since the alleged conduct occurred, Defendants have been prejudiced in their ability to effectively defend themselves against Roundtree's claims.

Fourth, Roundtree's litigation conduct has not been merely "silent and unobtrusive," but "vexatious and burdensome," as Roundtree has, at times, "swamp[ed] the court with irrelevant or obstructionist filings."  *LeSane*, 239 F.3d at 210.  As noted, Judge Pauley repeatedly admonished Roundtree for filing vexatious documents.  *See* Dkts. 84, 105, 107, 209.  Roundtree also has regularly appeared in this action to prevent dismissal, only to then disappear again for months at a

---

[4] In this District alone, Roundtree has filed at least seventeen other cases.  *See Roundtree v. Wittner*, No. 05 Civ. 1366 (MBM); *United States ex rel. Roundtree v. Health & Hosps. Police Dept. of N.Y.*, No. 06 Civ. 212 (SAS); *Roundtree v. City of New York*, No. 06 Civ. 254 (SHS); *Roundtree v. City of New York*, No. 15 Civ. 6582 (GHW); *Roundtree v. City of New York.*, No. 15 Civ. 6583 (JPO); *Roundtree v. City of New York*, No. 15 Civ. 7253 (LAP); *Roundtree v. N.Y.C. Police Dep't* No. 15 Civ. 7254 (LAP); *Roundtree v. City of New York,* No. 15 Civ. 7255 (VEC); *Roundtree v. N.Y.C. Police Dep't*, No. 15 Civ. 7859 (LAP); *Bohning v.  New York*, No. 16 Civ. 2078 (CM); *Roundtree v. City of New York*, No. 16 Civ. 4279 (CM); *Roundtree v. City of New York*, No. 16 Civ. 4609 (CM); *Roundtree v. City of New York*, No. 16 Civ. 4728 (CM); *Roundtree v. City of New York*, No. 16 Civ. 4729 (CM); *Roundtree v. City of New York*, No. 16 Civ. 4730 (CM); *Bohning v. City of New York*, No. 17 Civ. 6441 (CM); *Roundtree v. San Jose*, No. 19 Civ. 2475 (JMF); *Roundtree v. New York* , No. 19 Civ. 2478 (CM).  In Roundtree's other currently open case, *San Jose*, he also has failed to oppose a motion and has been warned of the possibility of dismissal for failure to prosecute.  *See* No. 19 Civ. 2475 (JMF), Dkt. 152.

time. "It is not an efficient use of the Court's resources to permit this case to languish on the docket in that hope that plaintiff will reappear in the future." *Bailey*, 2021 WL 2688973, at *3 (cleaned up).

Fifth, the Court has considered lesser alternatives to dismissal, including "deeming the assertions" in the Defendants' "[R]ule 56.1 statement as admitted . . . and then ruling on the merits" of the pending "summary judgment motion without further delay." *LeSane*, 239 F.3d at 210. While the Second Circuit has instructed that summary judgment is "generally . . . preferred . . . to dismissal[] under Rule 41(b)," it has also recognized that courts in this Circuit have dismissed for failure to prosecute despite a pending summary judgment motion in appropriate circumstances. *Id.* at 210-11; *see also Hunter v. N.Y. State Dep't of Corr. Servs.*, 515 F. App'x 40, 43 (2d Cir. 2013) (explaining that "inactivity . . . in response to defendant's motion for summary judgment" and a "Rule 41(b) motion to dismiss" justified dismissing for failure to prosecute despite the pendency of the summary judgment motion). In this case, Defendants' pending motion for partial summary judgment cannot, by definition, dispose of the entire case. As a result, ruling on the motion would not fully cure the problems Roundtree has created; even if the Court were to dismiss certain claims on the merits, the Court would dismiss Roundtree's surviving claims for failure to prosecute. Moreover, Roundtree had failed to oppose either pending motion, despite the Court having granted him many extensions, including *sua sponte* extensions, as summarized above.

### III.    Conclusion

For the foregoing reasons, Defendants' unopposed motion to dismiss for failure to prosecute, Dkt. 280, is granted.  "However, . . . due to his *pro se* status, Plaintiff's claims will be dismissed *without* prejudice."  *Thornton v. Moroney*, No. 13 Civ. 8912 (ER), 2014 WL 2805236, at *3 (S.D.N.Y. Jun. 20, 2014).  Defendants' motion for partial summary judgment, Dkt. 264, is denied as moot.  The Clerk of Court is respectfully directed to close this case and to enter judgment. The Clerk of the Court is also respectfully directed to mail this Opinion and Order to the *pro se* plaintiff.

SO ORDERED.

Dated: July 13, 2022
     New York, New York

_____
JOHN P. CRONAN
United States District Judge

12